UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIMMY PEREZ AYON,<br><br>Defendant. | No. 2:22-cr-00176-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jimmy Perez Ayon's ("Defendant") Motion to Dismiss.  (ECF No. 65.)  The Government filed an opposition.  (ECF No. 68.)  Defendant filed a reply.  (ECF No. 71.)  For the following reasons, the Court DENIES Defendant's motion as moot.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 11, 2022, Defendant was indicted on four drug trafficking counts related to his alleged participation in a conspiracy to distribute methamphetamine, fentanyl, and para-fluorofentanyl (Counts One, Two, Four and Five), and use of an interstate facility in aid of racketeering (Count Three).  (ECF No. 1.)  In July 2025, funds for panel attorneys appointed to defendants pursuant to the Criminal Justice Act ("CJA") were depleted for the 2025 fiscal year.

(ECF No. 65 at 5.)  On October 2, 2025, Shari Rusk, accepted appointment as CJA counsel for Defendant.  (*Id.* at 1.)  On November 13, 2025, Congress passed, and the President signed a continuing appropriations bill, which provides funding for CJA attorneys.  (ECF No. 68 at 3.)  Trial is currently set for February 23, 2026.  (ECF No. 59.)

## II.     STANDARD OF LAW

Under Federal Rule of Criminal Procedure 12(b), a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  A Court may dismiss an indictment for three reasons: "(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct."  *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020) (internal citation omitted).  Generally, a defendant moving to dismiss an indictment bears the burden of demonstrating a factual basis for such a motion to dismiss.  *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

## III.    ANALYSIS

Defendant requests dismissal of all charges against him with prejudice.  (ECF No. 65.)  Defendant argues the depletion of CJA funding, combined with the shutdown of the federal government, has resulted in a violation of his Sixth Amendment right to counsel because his counsel cannot meaningfully engage in trial preparation without funding.  (*Id.* at 2.)

In opposition, the Government argues Defendant's motion is moot given that Congress passed, and the President signed, a continuing resolution that provides funding for CJA appointed attorneys.  (ECF No. 68 at 1.)  The Government contends, now that CJA funding has been restored, no factual basis for Defendant's motion exists and the motion is moot.[1]  (*Id.*)

---

[1]     The Government also argues Defendant's motion should be denied on the merits because he provides no legal basis for the Court to take the extreme step of dismissing a validly returned indictment on the basis of delayed reimbursement for attorney's fees.  (ECF No. 68 at 1–2.)  However, because the Court decides the motion is moot, it does not reach the merits of Defendant's motion.

2

In reply, Defendant appears to acknowledge the issue of funding has resolved. (ECF No. 71 at 1 ("From the date of undersigned counsel's appointment, counsel has not been able to visit Bakersfield, where [Defendant] is housed, counsel has not been able to secure the services of an interpreter or an investigator until now.").) Nonetheless, Defendant urges the Court to find a constitutional violation occurred because the "systemic months-long absence of funding prevented [Defendant] from being able to meaningfully move forward on his case." (*Id.* at 2.) Defendant also requests the Court consider: (1) temporarily releasing Defendant on conditions so that he may relocate to Sacramento to work on his defense or (2) vacating the trial date and set a further status hearing. (*Id.* at 2, 4.)

The Court agrees with the Government that the passage of the continuing resolution, which provides funding for CJA appointed attorneys, moots out Defendant's motion. Defendant's motion is premised on how a lack of funding was depriving Defendant of an adequate defense in violation of the Sixth Amendment. (ECF No. 65 at 2.) Funding has now been restored, and Defendant's counsel has been able to proceed with her representation. The Court finds it need not decide whether a constitutional violation occurred, because the issue presented has now been resolved, and therefore Defendant's motion is now moot.

Even without finding a constitutional violation, the Court finds action on its part is necessary given the practical consequences the lack of funding posed. The Court recognizes the importance of appointed counsel in criminal cases and that the lack of funds caused hardships for defendants and their CJA appointed attorneys. Here, Defendant's counsel represents that during the lapse in funding, she was unable to obtain the services of an interpreter, investigator, expert or paralegal and has not been able to get up to speed on Defendant's case. (*Id.* at 2.) While the Court notes this case has been pending for over three years, the Court is sympathetic to the fact that current counsel was recently appointed while the government was shut down. To remedy any prejudice faced by Defendant due to not being able to adequately prepare for trial, the Court vacates the February 23, 2026 trial date.

In sum, the currently set trial date of February 23, 2026, is vacated and Defendant's Motion to Dismiss is DENIED as moot.

### IV. CONCLUSION

For the foregoing reasons, the currently set trial date of February 23, 2026, is vacated, and Defendant's Motion to Dismiss (ECF No. 65) is DENIED as moot.

IT IS SO ORDERED.

Date: December 3, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE