ERIC GRANT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:22-CR-00176-TLN |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JIMMY PEREZ AYON, | DATE: April 16, 2026 |
| Defendant. | TIME: 9:30 a.m. |
| | COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on April 16, 2026.

2.      By this stipulation, defendant now moves to continue the status conference until May 28, 2026, at 9:30 a.m., and to exclude time between April 16, 2026, and May 28, 2026, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes approximately 3,380 pages of documents, including investigative reports, text messages, transcripts of recorded communications, and other materials, as well as multiple undercover

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

video and audio recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Defendant made his initial appearance and was arraigned on the indictment on August 17, 2022. *See* ECF 7 (minutes). At that hearing, defense counsel Michael Long was appointed to represent defendant. *See id.*

c) On August 8, 2024, at a status of counsel hearing, the Court granted defendant's request to relieve defense counsel Michael Long and appoint new counsel of record. *See* ECF 48 (minutes). The Court then appointed Olaf Hedberg as new defense counsel of record. *See id.*

d) A trial date was then set for February 23, 2026. *See* ECF 59. However, on October 2, 2025, the Court granted defendant's request to relieve defense counsel Olaf Hedberg and appoint another new counsel of record. *See* ECF 64 (minutes). At that same hearing, the Court appointed Shari Rusk as new defense counsel of record. *See id.*

e) At defendant's request, the Court then vacated the previously set trial date and set a status hearing for February 26, 2026. ECF 73.

f) Counsel for defendant desires additional time to review this discovery, to conduct factual investigation, to evaluate potential responses to the charges, to confer with her client, and to otherwise prepare for trial.

g) The parties anticipate requesting to set a trial date at the next status conference on May 28, 2026.

h) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

i) The government does not object to the continuance.

j) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

k) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 16, 2026 to May 28, 2026,

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 13, 2026                                    ERIC GRANT
                                                         United States Attorney


                                                         /s/ DAVID W. SPENCER
                                                         DAVID W. SPENCER
                                                         Assistant United States Attorney


Dated:  April 13, 2026                                    /s/ SHARI RUSK
                                                         SHARI RUSK
                                                         Counsel for Defendant
                                                         JIMMY PEREZ AYON


**ORDER**

IT IS SO FOUND AND ORDERED this 13th day of April, 2013.


_____
Troy L. Nunley
Chief United States District Judge


STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3